IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Lynn Larry Hunt, # 169197,<br>*aka* Larry Lynn Hunt,<br><br>      Plaintiff,<br><br>vs.<br><br>Director SCDC;<br>Sirus Bryant;<br>Director Operations Michael McCall,<br><br>      Defendants. | Civil Action No. 6:15-4476-BHH-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

The plaintiff is an inmate at the McCormick Correctional Institution. The plaintiff has brought suit against the Director of the South Carolina Department of Corrections ("SCDC") and the SCDC's Director of Operations with respect to a policy to lock the cells of inmates who are out of their cells (doc. 1 at 2). According to the plaintiff, when their cells are locked, inmates are unable to use the restrooms (*id*.). The plaintiff alleges that this policy constitutes cruel and unusual punishment and that other SCDC institutions have restrooms "on The Rock on A wing and B wing" (*id*. at 3). The plaintiff states that there are water lines and drains in the laundry room, so he asks the court to make the SCDC put toilets on the "The Rock." The plaintiff claims that other inmates at McCormick are getting treated similarly (*id*.). He further states that since there is no access to toilets, inmates are urinating and defecating on the shower floors and that the showers are not bleached afterwards (*id*.). The plaintiff claims that the wardens and SCDC staff know that this is unnecessary punishment and that it is a serious health and safety issue (*id*.)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

Short-term denial of access to toilets in jails or prisons does not constitute "deliberate indifference" or a constitutional violation, even if the short-tern deprivation is unpleasant or inconvenient to the prisoner. *See Booker v. Atkinson*, Civil Action No. 3:11-1651-RBH-JRM, 2011 WL 8193750 (D.S.C. Aug. 31, 2011) (collecting cases), *adopted by* 2012 WL 2712152 (D.S.C. July 9, 2012):

> In *Johnson v. McByrde*, No. 2:10-CV-131, 2010 WL 3059248 (W.D. Mich. Aug. 4, 2010), the court rejected a prisoner's Eighth Amendment claim alleging that because he was denied access to a toilet for eight minutes after his initial request, he urinated on himself. *Johnson v. McByrde*, 2010 WL 3059248 at *1. The court concluded that although the prison officials did not take the prisoner to the toilet during the middle of an institutional count at the precise moment the prisoner determined that he needed to urinate, the prisoner had not stated a claim under the Eighth Amendment. *Johnson v. McByrde*, 2010 WL 3059248 at *2. *See also Dominguez-Mendez v. McCoy*, Civil Action No. 5:10-347-KKC, 2011 WL 1430325, *3 (E.D. Ky. April 13, 2011) ("While being denied access to a bathroom on August 9, 2010, was certainly unpleasant for Dominguez–Mendez, it was a temporary hardship that did not implicate the Eighth Amendment. Accordingly, Dominguez–Mendez fails to state a valid Eighth Amendment claim against McCoy, and his related claim that

2

>Bowles and Capillo refused to investigate his complaints also lack merit and will be dismissed for failure to state a claim upon which relief can be granted."). The district court in *Dominguez-Mendez v. McCoy* also cited other cases holding that a one-time denial of toilet access does not violate the Eighth Amendment. *See, e.g., Hernandez v. Battaglia*, 673 F. Supp. 2d 673, 676–78 (N.D. Ill. 2009) (deprivations were not sufficiently serious where prisoners were detained in a prison yard while handcuffed without access to water, food, or toilets in 80 to 85 degree temperatures for up to five hours during a "shakedown" search of living quarters at the Stateville Correctional Facility), where the court noted: "Occasional discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" 673 F. Supp. 2d at 677. *See also Gunn v. Tilton*, No. CV 08-1039-PHX-SRB, 2011 WL 1121949, *4 (E.D. Cal. March 23, 2011) (holding that outside detention for approximately six hours without water and three to four hours without restrooms were not sufficiently serious to support an Eighth Amendment claim based on deliberate indifference); and *Kanvick v. Nevada*, 2010 WL 2162324, *5 (D. Nev. April 27, 2010) ("The court does not doubt that proper disposal of one's bodily waste constitutes a basic human need. However, here, the nature, circumstances, and duration of the deprivation does not amount to anything more than an inconvenience").
>
>Courts of Appeals outside this Circuit have reached similar conclusions. *See, e.g., Hartsfield v. Vidor*, 199 F.3d 305, 310 (6th Cir. 1999); and *Dellis v. Corrections Corp. of America*, 257 F.3d 508 (6th Cir. 2001). Both *Hartsfield v. Vidor* and *Dellis v. Corrections Corp. of America* concerned temporary denial of access to toilets. *Accord Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) ("First, the momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation."), which involved an involuntarily-committed psychiatric patient; and *Cunningham v. Eyman*, No. 00-2648, 17 Fed.Appx. 449, 454, (7th Cir. Aug. 17, 2001) ("Cunningham spent 16 hours in shackles and four to five hours in soiled clothing. Though certainly unpleasant, these hardships were temporary and as this court's case law makes clear, they were not of sufficient severity to implicate the Eighth Amendment. ").

*Booker v. Atkinson*, 2011 WL 8193750, at *2–3.

Although deprivation of access to toilets for a longer duration is actionable, *see Ghana v. Holland*, 226 F.3d 175, 184 (3rd Cir. 2000), and *McBride v. Deer*, 240 F.3d 1287, 1291–92 (10th Cir. 2001), the short-term nature of the denial of access to toilets at McCormick for prisoners outside their cells is not a constitutional violation.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

November 10, 2015                          s/ Kevin F. McDonald  
Greenville, South Carolina             United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).